UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BLAKE PERRITT, ET AL. | CIVIL ACTION |
| VERSUS | NO.: 3:12-cv-00253-BAJ-RLB |
| WESTLAKE VINYLS COMPANY, LP, ET AL. | LEAD CASE |
| | C/W 3:12-cv-00254-BAJ-RLB, 3:13-cv-00209-BAJ-RLB, 3:13-cv-00253-BAJ-RLB, 3:13-cv-00254-BAJ-RLB, 3:13-cv-00268-BAJ-RLB, 3:13-cv-00269-BAJ-RLB, 3:13-cv-00270-BAJ-RLB |

## ORDER

Before the Court are two Motions to Remand filed in cases consolidated for pretrial management with civil action 3:12-cv-00253.[1] The first was filed by Plaintiff William Harden in civil action **3:13-cv-00268 (Doc. 4)**; the second was filed by Plaintiffs Linda Martin, Kela Collins, and others in civil action **3:13-cv-00253 (Doc. 6)**. In each case, the Defendants—Westlake Vinyls Company, LP and Westlake Chemical Corporation—oppose the remand request. (*See* 3:12-cv-00253 Doc. 26 (Defendants' Opposition to William Harden's Motion to Remand); 3:13-cv-00253 Doc. 7 (Defendants' Opposition to Linda Martin's Motion to Remand)).

---

[1] On May 16, 2012, this Court consolidated civil action 3:12-cv-00254 with the lead case in this matter, *Perritt, et al. v. Westlake Vinyls Company, et al.*, No. 3:12-cv-00253. (*See* 3:12-cv-00253 Doc. 3). Later, on April 5, 2013, this Court consolidated civil action 13-cv-00209 with the lead case. (3:12-cv-00253 Doc. 18). Finally, on May 28, 2013, this Court consolidated civil actions 3:13-cv-00253, 3:13-cv-00254, 3:13-cv-00268, 3:13-cv-00269, and 3:13-cv-00270 with the lead case. (3:12-cv-00253 Doc. 20). In its May 28 Order, the Court explained that these cases are "consolidated for pretrial management with CV 12-253," and that the Court "will determine at a later appropriate time whether any or all of these cases will be tried separately, as provided by Rule 42(b)." (*Id.* at p. 2).

In each of the matters under consideration here, the Defendants' arguments in opposition to remand rely extensively on this Court's February 26, 2013 Ruling and Order denying remand in civil actions 3:12-cv-00253 and 3:12-cv-00254. (*See generally* 3:12-cv-00253 Doc. 26; 3:13-cv-00253 Doc. 7; *see also* 3:12-cv-00253 Doc. 14 (Order Denying Plaintiffs' Motions to Remand)). However, as indicated by the Defendants in their opposition memorandums, this Court's prior Order denying remand *incorrectly* determined "that the jurisdictional minimum [for establishing subject matter jurisdiction under 28 U.S.C. § 1332 was] satisfied by aggregating the potential recoveries of putative class members," (3:13-cv-00253 Doc. 7 at p. 18 n.40; *see also* 3:12-cv-00253 Doc. 26 at pp. 15–16). *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th Cir. 2002) ("We know . . . that in class actions, we separately test the amount in controversy of each class member, whether class representative or rank and file. We also know . . . that we are not to aggregate the potential recovery of class members." (footnotes omitted)).

Accordingly,

**IT IS ORDERED** that the Court's February 26, 2013 **RULING AND ORDER (Doc. 14)** denying remand in civil actions **3:12-cv-00253** (*Perritt, et al. v. Westlake Vinyls Company, et al.*), and **3:12-cv-00254** (*Hollins, et al. v. Westlake Chemical Corporation, et al.*) is **VACATED** in its entirety. A separate order will follow that reconsiders the plaintiffs' requests for remand in civil actions 3:12-cv-00253 and 3:12-cv-00254. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850

2

(5th Cir. 1999) ("Federal courts may examine the basis of jurisdiction sua sponte...."); *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999) ("[A] federal court must always be satisfied that subject matter jurisdiction exists and must even raise the issue sua sponte....").

**IT IS FURTHER ORDERED** that because the Defendants' arguments against remand in civil actions **3:13-cv-00253** and **3:13-cv-00268** rely extensively on the Court's reasoning in its now-vacated February 26, 2013 Ruling and Order, the Defendants shall be allowed to **REVISE** their Memorandums in Opposition to the Plaintiffs' requests for remand, if necessary. The Defendants shall file any revised Memorandums in Opposition no later than **November 21, 2013.**

**IT IS FURTHER ORDERED** that the Clerk of Court enter this Order in the docket for the lead case in this matter **(3:12-cv-00253)**, and in the case-specific dockets for civil actions **3:12-cv-00254, 3:13-cv-00253,** and **3:13-cv-00268.**

Baton Rouge, Louisiana, this 31st day of October, 2013.

*[signature]*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**